IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD NELSON, et al.,

        Plaintiffs,                  No. 2:09-cv-2776 JAM EFB P

    vs.

BUTTE COUNTY SHERIFF'S DEPARTMENT, et al.,

                                      FINDINGS AND RECOMMENDATIONS

        Defendants.
                                /

      Plaintiffs Donald Nelson, Thomas Brewer, Joseph Simpson, and Donald Canfield, current and/or former inmates of Butte County Jail, proceed with counsel in an action brought under 42 U.S.C. § 1983. In their complaint, plaintiff Canfield alleges that his Eighth Amendment rights were violated because unidentified "staff" took his crutches away from him when he arrived at the Butte County Jail. Dckt. No. 1 ¶¶ 24, 26. In the August 7, 2012 Pretrial Order, the court noted that although this claim survived summary judgment,[1] it was not linked to any particular defendant, and the parties' joint pretrial statement included no points of law discussion of the claim. Dckt. No. 87 at 14 (citing *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377

---

[1] On summary judgment, the court rejected defendants' argument that this claim should be dismissed as unexhausted pursuant to the Prisoner Litigation Reform Act. *See* Dckt. No. 78 at 23-25.

1

(1976) (§ 1983 claim requires there be an affirmative link between the actions of the defendant and the deprivation alleged to have been suffered)).  Accordingly, the court ordered plaintiffs to show cause why this claim should not be dismissed for failure to state a claim.  *See* 28 U.S.C. § 1915A; *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988) ("A trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim. The court must give notice of its intention to dismiss and give the plaintiff some opportunity to respond unless the 'plaintiffs cannot possibly win relief.'" (internal quotations and citations omitted)).

In their August 20, 2012 response to the order to show cause, plaintiffs do not point to any allegations in the complaint that are sufficient to state a cognizable claim for relief based on the alleged confiscation of plaintiff Canfield's crutches.  Instead, they attempt to explain their failure in this regard by stating that they "inadvertently failed to identify Demmers as the person who took the personal crutches." Dckt. No. 88.  Plaintiffs state they will amend the complaint if granted leave to do so, but advance no arguments favoring amendment at this late stage of the proceedings.  *See* Nov. 2, 2010 Discovery & Scheduling Order (Dckt. No. 9) (setting February 18, 2011 as deadline for discovery and for filing motions to amend; also requiring that requests to modify the schedule be supported by good cause pursuant to Fed. R. Civ. P. 16(b)); Dckt. No. 87 (scheduling jury trial for March 18, 2013).

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff Canfield's Eighth Amendment crutches claim be dismissed for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

////

1 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
2 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
3 Dated: September 13, 2012.

>  /s/ Edmund F. Brennan
> EDMUND F. BRENNAN
> UNITED STATES MAGISTRATE JUDGE