UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD NELSON, et al., | No. 2:09-cv-02776 JAM-EFB |
| Plaintiffs, | |
| v. | **ORDER VACATING AND REVERSING MAGISTRATE JUDGE'S CLARIFICATION ORDER AND DENYING PLAINTIFFS' REQUESTS FOR ATTENDANCE AT TRIAL AND FOR SETTLEMENT CONFERENCE** |
| BUTTE COUNTY SHERIFF'S DEPARTMENT, et al., | |
| Defendants. | |

This matter comes before the Court on a sua sponte reconsideration of the order entered by the Magistrate Judge on March 11, 2013, clarifying as to whether "Donald Nelson and Thomas Brewer remain as plaintiffs in the cause of action against the County of Butte." Clarification Order, Doc. #110, at 1. In addition, before the Court are Plaintiffs' Request for Attendance at Trial (Doc. #106) and Request for Settlement Conference (Doc. #106, Ex. 1).

Pursuant to the Local Rules, "The assigned Judge may also reconsider any matter at any time sua sponte." L.R. 303(g). For the reasons set forth below, the Clarification Order is VACATED AND REVERSED and the requests for attendance at trial and for settlement conference are DENIED.

1

I.   OPINION

A.   Clarification Order

In the Clarification Order, the Magistrate Judge found that "Plaintiffs Donald Nelson and Thomas Brewer therefore remain as plaintiffs in the Eighth Amendment claim against defendants Jones and the Butte County Sheriff's Department regarding the excessive force policy." Clarification Order at 2. However, upon review, it is clear as a matter of law that Plaintiffs Nelson and Brewer cannot maintain this claim.

Under § 1983, "an individual may recover only when that individual's federal rights have been violated." Quintanilla v. City of Downey, 84 F.3d 353, 356 (9th Cir. 1996). As a result, when there is no underlying constitutional violation, a plaintiff cannot maintain a claim for municipal liability. Id. (citing City of Los Angeles v. Heller, 475 U.S. 796, 799 (stating "[i]f a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have *authorized* the use of constitutionally excessive force is quite beside the point") (emphasis in original)).

Here, Plaintiffs Nelson and Brewer's remaining Eighth Amendment claim against Defendants Jones and the Butte County Sheriff's Department is a Monell claim. See Findings and Recommendations, Doc. #78, at 32-35; Order Adopting Findings and Recommendations, Doc. #79, at 2. However, Nelson's and Brewer's underlying constitutional violations were dismissed. Id. Therefore, they cannot maintain a Monell claim. Because the Monell claim was their only remaining claim, Nelson and Brewer

can no longer be plaintiffs.

Accordingly, the Court dismisses Donald Nelson and Thomas Brewer as plaintiffs in this action.

B.   Request for Attendance at Trial

Plaintiffs request Joseph Simpson and Thomas Brewer's attendance at trial.  In the Pretrial Order, the parties were informed that "[i]f any of the plaintiffs are incarcerated and upon plaintiffs' request, the court will, [no] later than four weeks before trial, issue all necessary writs to provide for plaintiffs' attendance."  Pretrial Order, Doc. #87, at 12.  The request was made less than two weeks before the trial date, which is set for March 18, 2013.  Therefore, Plaintiffs' request is untimely.  Moreover, the request as to Brewer is now moot because he is no longer a plaintiff in this action.

Accordingly, the Court denies the Plaintiffs' request for attendance at trial.

C.   Request for Settlement Conference

Finally, Plaintiffs also request a settlement conference. Defendants oppose the request because they do not believe that a settlement conference would be helpful.  As mentioned above, the request was made less than two weeks before the trial date. Accordingly, the Court denies the request for a settlement conference as untimely.

II.  ORDER

For the reasons set forth above, the Clarification Order is VACATED AND REVERSED.  In addition, Plaintiffs' Requests for Attendance at Trial and for Settlement Conference are DENIED.

Finally, this Court will consider any further filings not in compliance with the Pretrial Order as a violation of the Pretrial Order and may be grounds for sanctions.

IT IS SO ORDERED.

Dated: March 11, 2013

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE